

APR 1 5 2019

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KEVIN BRANDT,<br><br>Plaintiff,<br><br>vs.<br><br>OLD DOMINION FREIGHT LINE, INC., and JOHN DOE DEFENDANTS 1-6,<br><br>Defendants. | CV 18-128-BLG-SPW<br><br>OPINION AND ORDER |

Before the Court is Defendant Old Dominion Freight Line's motion for summary judgment. For the following reasons, the Court grants the motion in part.

I. **Facts**

Old Dominion, a global trucking company, employed Kevin Brandt as its Sales and Service Manager in its Billings, Montana facility. In spring 2018, Brandt became aware of a workplace incident involving an employee making a derogatory comment about Native Americans to another employee named John

1

Crazybull, who is Native American. Brandt investigated the incident, concluded it occurred, and issued a written warning to the offending employee.

While investigating the incident, Brandt learned that Crazybull possibly sexually harassed other employees on more than one occasion. A female employee reported Crazybull made sexual comments to her on the loading dock. A male employee reported even more aggressive conduct, such as Crazybull regularly bear hugging him, grinding his groin into him, and saying things like "would you like some Indian in you," or "how about some dick in your ass." Yet another male employee reported similar sexual and physical harassment. Brandt reported his findings to the Human Resource Manager, Tom Lillywhite.

During a phone call between Lillywhite and Brandt discussing the employee who made a derogatory comment about Native Americans, Brandt brought up the alleged sexual harassment complaints against Crazybull. Lillywhite directed Brandt to drop the sexual harassment investigation against Crazybull. Brandt felt Lillywhite's instruction was improper so, pursuant to Old Dominion's "Open Door" policy, Brandt went over Lillywhite's head and reported Crazybull's conduct to Scott Goodrich, Old Dominion's Vice President for the Pacific Northwest. After the report was made to Goodrich, Lillywhite reversed course and directed Brandt to prepare a written warning to Crazybull.

When Brandt and Lillywhite presented the written warning to Crazybull, he denied all of the allegations. Based on Crazybull's reaction, Brandt was concerned he might become violent. After the interview ended, Brant asked an employee to look through the window of Crazybull's vehicle to see if there was a gun inside. The employee reported back there was a dash-mounted holster with a gun. Brandt consulted with Goodrich and Lillywhite about the situation and it was determined Brandt should send Crazybull home for the day. Brandt spoke with Crazybull, who admitted to having a gun in his car and agreed to take the rest of the day off.

Later that day, Brandt traveled to Salt Lake City for a regional meeting and shortly thereafter learned Crazybull had been terminated. A few weeks later, Lillywhite and Goodrich terminated Brandt, citing a failure to enforce Old Dominion's "No Weapons" policy. Brandt filed a complaint against Old Dominion, alleging wrongful discharge because his termination was without good cause, was in retaliation for investigating the sexual harassment allegations against Crazybull, and was in violation of Old Dominion's own personnel policy.

## II.  Summary judgment standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its

3

motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## III. Discussion

Old Dominion argues Brandt's exclusive remedy is the Montana Human Rights Act because the gravamen of Brandt's complaint is retaliation for reporting sexual harassment. Brandt responds although his claim does contain an allegation of retaliation for reporting sexual harassment, his primary claim is his termination was without good cause and in violation of Old Dominion's personnel policy.

The MHRA provides an administrative process for persons who claim they have been discriminated against. *Griffith v. Butte School Dist. No. 1*, 244 P.3d 321, 329 (Mont. 2010). One such claim is an employee who was subject to

4

retaliation by his employer for reporting the sexual harassment of another employee. *Fandrich v. Capital Ford Lincoln Mercury*, 901 P.2d 112, 116 (Mont. 1995). A discrimination claim must go through the MHRA administrative process before it may be filed in court. *Lay v. State Dept. of Military Affairs, Disaster and Emergency Services Div.*, 351 P.3d 672, 675 (Mont. 2015). But some cases may include facts that support a discrimination claim and facts that support a wrongful discharge claim. *Vettel-Becker v. Deaconess Medical Center of Billings, Inc.*, 177 P.3d 1034, 1042 (Mont. 2008). A claim for wrongful discharge that is not premised on discrimination does not need to go through the MHRA administrative procedure. *Vettel-Becker*, 177 P.3d at 1042. To determine whether the claim is premised on discrimination, the Court employs a gravamen analysis. *Lay*, 351 P.3d at 675. The gravamen analysis focuses on the nature of the alleged conduct rather than the party's characterization of the claim. *Lay*, 351 P.3d at 675.

Applying the gravamen analysis here, the Court finds Brandt's claim that Old Dominion retaliated against him for reporting sexual harassment must go through the MHRA administrative process because, as Brandt concedes, it is blatantly premised on discrimination. However, Brandt's other claims do not need to go through the MHRA administrative procedure because they are premised on an absence of good cause and Old Dominion's personnel policies and rest on facts separate from Brandt's report of sexual harassment. Brandt's complaint and

5

supporting facts allege Old Dominion did not have good cause to terminate him over enforcement of the No Weapons policy. Brandt alleges Old Dominion arbitrarily enforced and/or violated it's No Weapons policy because Brandt had no notice he violated the No Weapons policy, Old Dominion never strictly enforced the No Weapons policy, and Brandt received no training regarding the No Weapons policy. These claims are distinct from the report of sexual harassment and rest on Old Dominion's cited reason for Brandt's discharge, the failure to enforce the No Weapons policy.

## IV. Conclusion and order

Old Dominion's motion for summary judgment is granted with respect to Brandt's claim that Old Dominion retaliated against him for reporting sexual harassment and denied in all other respects.

DATED this 15th day of April, 2019.

SUSAN P. WATTERS
United States District Judge