FILED

FEB 1 9 2020

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KEVIN BRANDT,<br><br>Plaintiff,<br><br>vs.<br><br>OLD DOMINION FREIGHT LINE, INC., TOM LILLYWHITE, SCOTT GOODRICH, and JOHN DOE DEFENDANTS 1-6,<br><br>Defendants. | CV 18-128-BLG-SPW<br><br>ORDER |

Before the Court are Plaintiff Kevin Brandt's second and third motions for sanctions against the Defendants.

I. **Background**

This case concerns the alleged wrongful discharge of Kevin Brandt by Defendant Old Dominion Freight Line. Kevin Brandt was the Sales and Service Manager of Old Dominion's Billings, Montana, facility. Defendant Tom Lillywhite is the Human Resources and Development Manager for Old Dominion.

1

Defendant Scott Goodrich is the Vice President for Old Dominion's Pacific Northwest Region.

Prior to Brandt's termination, Old Dominion interviewed most of its Billings' employees about Brandt's performance as manager. The interviews were conducted by two Old Dominion employees, who then prepared a report for upper management summarizing the interviews. Based on the report, Brandt was given a disciplinary corrective action, known as an IRF. Two months later, the report was relied on, at least in part, by Old Dominion in its decision to terminate Brandt.

On September 23, 2019, before discovery had closed but after several depositions had already taken place, Old Dominion produced the handwritten notes the interviewers took while conducting the interviews of the Billings employees. The notes were kept by Dee Dee Cox, the Director of Human Resources for Old Dominion.

Brandt sought a Rule 30(b)(6) deposition of Old Dominion on eight topics. The fourth topic sought Old Dominion's testimony on "Kevin Brandt's termination from his employment with ODFL and the circumstances and reasons for said termination from his employment with ODFL." The fifth topic sought information about "[t]he IRF that Kevin Brandt was issued and subject to at the time of termination from employment with ODFL, as well as general knowledge of ODFL's IRFs, the IRF process as it relates to an individual's employment with

2

ODFL in Montana, what IRFs are issued for, and/or how IRFs relate to termination of employment from ODFL in the state of Montana." Old Dominion identified Tom Lillywhite as its Rule 30(b)(6) witness regarding the fourth and fifth topics.

On September 4, 2019, before the handwritten notes were disclosed, Brandt's counsel took Lillywhite's Rule 30(b)(6) deposition. Counsel asked Lillywhite what happens to "[t]he interview data, the data that's taken by the interviewers out in the field." Lillywhite said "It's passed to Dee Dee." Counsel responded "And is that something that you have access to," to which Lillywhite said "Sometimes she forwards it to me." Counsel followed up with, "Did she forward it to you in this case," to which Lillywhite said "I believe I had all the information." Counsel was later unable to finish Lillywhite's Rule 30(b)(6) deposition so the parties scheduled to reconvene it on a later date.

On October 3, 2019, after the disclosure of the handwritten notes, Lillywhite's Rule 30(b)(6) deposition was reconvened. Brandt's counsel asked Lillywhite if he'd reviewed the handwritten notes. Lillywhite said he hadn't seen or reviewed the handwritten notes because they were kept exclusively by Dee Dee Cox, but he had reviewed the report generated by the interviewers.

Counsel for Brandt and the Defendants argued whether Lillywhite's answers were consistent regarding the handwritten notes and also whether Lillywhite was required to review the handwritten notes in order to properly testify as Old

Dominion's Rule 30(b)(6) deponent. Over the next two months, counsel continued to argue through written letters about the handwritten notes. Counsel for Old Dominion insisted the handwritten notes were not identified as a topic for Lillywhite's Rule 30(b)(6) deposition, and if they had been, Old Dominion would've designated Dee Dee Cox to testify on the topic. Counsel for Old Dominion offered to make Dee Dee Cox available for both a fact and Rule 30(b)(6) deposition. Dee Dee Cox's fact and Rule 30(b)(6) deposition was scheduled for December 5, 2019. On November 27, 2019, counsel for Brandt cancelled Dee Dee Cox's depositions pending resolution of his motions for sanctions against Old Dominion.

## II.  Discussion

Brandt argues the Court should sanction the Defendants for a litany of alleged conduct, including obstruction, late production, and voluminous and duplicitous discovery responses, but Brandt's primary complaint is Lillywhite should have been prepared to answer questions about the handwritten notes as Old Dominion's Rule 30(b)(6) deponent, and because he wasn't, Brandt was prejudiced. As sanctions, Brandt seeks liability entered in his favor, fees and costs for filing the motions, fees and costs for preparing for the prior depositions, the reopening of discovery, a second Rule 30(b)(6) deposition of Lillywhite and others

4

at Old Dominion's expense, fees and costs for taking the proposed second Rule 30(b)(6) depositions, and an extension of the expert disclosure deadline.

### A. Lillywhite's 30(b)(6) deposition and the handwritten notes

Under Rule 30(b)(6), a party may depose an organization. The deposing party must describe with reasonable particularity the matters for examination. The organization must designate an officer or other person who will testify on the organization's behalf about the information known or reasonably available to the organization on the matters set out by the deposing party. Fed. R. Civ. P. 30(b)(6). The Court may impose an appropriate sanction on anyone who impedes, delays, or frustrates the fair examination of the deponent. Fed. R. Civ. P. 30(d)(2).

For the rule to work, the parties must fulfill their cooperative obligations. Only when the requesting party has reasonably particularized the issues it wishes to explore can the organization identify a suitable person to answer the questions. In essence, the requesting party gets what it asks for; an overly broad description will make it more difficult for the organization to produce a suitably prepared person, whereas a painstakingly specific description will make it easier. *Adidas America, Inc. v. TRD Acquisitions LLC*, 324 F.R.D. 389, 395 (D. Or. 2017).

But the burden is not solely on the requesting party. The organization has a duty to make a conscientious, good-faith effort to designate knowledgeable persons and to fully prepare them to answer questions about the subject matter. *Sprint*

5

*Commc'ns Co. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006). To fulfill its obligation, the organization must prepare its designated person by reviewing prior fact witness depositions, documents, and deposition exhibits. *Adidas*, 324 F.R.D. at 395. The designated person must be capable of testifying on the subject matter regardless of whether the person has any personal knowledge, if the information is reasonably available to the organization. *Adidas*, 324 F.R.D. at 395.

Here, the blame is shared by both parties. When Brandt requested a Rule 30(b)(6) deposition from Old Dominion, he could not have specifically described the handwritten notes as a topic because Old Dominion had not yet disclosed the handwritten notes. He could, however, have specifically described the summary report as a topic because he did have that. Perhaps Brandt thought his description of the fourth and fifth topics logically included the report and the report-making process, given the topics did specifically include the reasons for Brandt's termination and the IRF issued to Brandt, both of which related to the report. But perhaps Old Dominion thought Lillywhite was adequately prepared to answer questions on both those topics given Lillywhite had reviewed the report and otherwise appeared knowledgeable about the matters, minus the handwritten notes. In any event, Brandt did have the handwritten notes ten days before Lillywhite's reconvened deposition, and a simple phone call or email to counsel for the

Defendants stating he expected Lillywhite to be prepared to answer questions about the handwritten notes could have straightened the problem out. Presumably, Old Dominion would have informed Brandt that Lillywhite would not be prepared to answer questions about the handwritten notes and would instead designate and offer Dee Dee Cox to answer those questions, as it subsequently did through correspondence once the dispute over the handwritten notes arose. Furthermore, had Dee Dee Cox's deposition gone forward as scheduled on December 5, 2019, Brandt would have Old Dominion's testimony about the handwritten notes and the matter would be settled.

Although the handwritten notes are relevant to and fall under Brandt's description of topics four and five, Brandt should have been more specific to ensure Old Dominion would prepare the witness sufficiently. There's only so much information one witness can be reasonably expected to review, and the witness here was ultimately prepared to provide knowledgeable testimony on both topics. On the other hand, Old Dominion should have known the handwritten notes fell under topics four and five, and should have erred on the side of caution. What saves Old Dominion is that Lillywhite was otherwise prepared and it subsequently designated and offered Dee Dee Cox to answer questions about the handwritten notes, even after discovery had closed.

Old Dominion therefore did not violate Rule 30(b)(6) and the motion is denied.

B.  **Other alleged discovery misconduct**

Brandt argues Old Dominion's objections during several depositions disrupted the proceedings. Under Rule 30(c)(2), a party must make its objection on the record but allow the witness to answer unless answering the question would waive a privilege, violate a court order, or waive the right to bring a motion under Rule 30(d)(3). The failure to object to a question's form constitutes a waiver. *Quickilver, Inc. v. Kymsta Corp.*, 247 F.R.D. 579, 582 (C.D. Cal. 2007) (citing 8 Wright, Miller, & Marcus, *Federal Practice and Procedure*: Civil 2d §2113 (1994)). Counsel must be careful his or her objections do not unfairly impede, delay, or frustrate the deposition. Fed. R. Civ. P. 30(d)(2).

The Court has reviewed the deposition transcripts and although Old Dominion's objections are numerous in some parts, they are usually briefly stated and the deposition proceeds. That is the process contemplated and allowed under Rule 30(c)(2). Therefore, Old Dominion did not unfairly impede the depositions.

Brandt argues Old Dominion produced voluminous and duplicitous discovery responses in an attempt to unduly burden Brandt. Under Rule 34(b)(2)(E), a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the

request. Old Dominion insists it produced documents as they are kept in the usual course of business, and the large volume and duplication of documents was due to the nature of the requests for production and the way the information was stored. For instance, Old Dominion produced all correspondence between certain witnesses regarding the termination of Brandt, but the correspondence took place over email, which meant producing each person's email chain. The Court finds no violation of Rule 34(b)(2)(E).

Brandt argues Old Dominion failed to timely disclose the handwritten notes. The Court previously determined Old Dominion's belated disclosure, which occurred near the end of discovery after some witnesses had been deposed, was harmless. (Doc. 32). In its prior ruling, the Court held the belated disclosure was harmless because Dee Dee Cox, the relevant witness for the handwritten notes for Rule 30(b)(6) purposes, had yet to be deposed. The Court sees no reason to change that ruling because Dee Dee Cox still has yet to be deposed. However, when the Court made that ruling, Dee Dee Cox's fact and Rule 30(b)(6) depositions were being scheduled. It appears those depositions were subsequently cancelled by Brandt. Therefore, to cure any harm by the belated disclosure, the Court orders discovery may be reopened for the limited purpose of taking Dee Dee Cox's fact and Rule 30(b)(6) depositions, if those depositions have not taken place. The Rule 30(b)(6) deposition is limited to the topics described in Brandt's prior notice for

which Dee Dee Cox was designated to answer and additionally the handwritten notes.

### III. Conclusion and order

The motions for sanctions (Docs. 33 and 56) are denied except for the limited reason stated above. Each party bears its own costs and fees.

DATED this 18th day of February, 2020.

SUSAN P. WATTERS
United States District Judge