

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KEVIN BRANDT,<br><br>              Plaintiff,<br><br>vs.<br><br>OLD DOMINION FREIGHT LINE, INC., TOM LILLYWHITE, SCOTT GOODRICH, and JOHN DOE DEFENDANTS 1-6,<br><br>              Defendants. | CV 18-128-BLG-SPW<br><br>ORDER |

Before the Court are motions for summary judgment filed by both the Plaintiff and the Defendants. This case concerns Old Dominion's allegedly wrongful discharge of its Service Manager Kevin Brandt. Old Dominion's stated reason for Brandt's discharge is that it discovered he failed to enforce the No Weapons Policy once a year prior. Brandt disputes Old Dominion's given reason, arguing the No Weapons Policy was arbitrarily enforced and was merely a pretext to terminate him for using Old Dominion's Open Door Policy to report workplace

1

misconduct which he had been told by management to drop. For the following reasons, the motions are denied.[1]

I. **Undisputed facts**

The Court is unable to provide a succinct statement of undisputed facts because Brandt failed to adhere to the local rules governing responses to motions for summary judgment. A responding party must file a Statement of Disputed Facts simultaneously and separately from the response brief. D. Mont. L.R. 56.1(b). The Statement of Disputed Facts must set forth verbatim the moving party's Statement of Undisputed Facts, state whether each fact in the moving party's Statement is undisputed or disputed, and, if disputed, provide a pinpoint cite to evidence that disputes the fact. D. Mont. L.R. 56.1(b)(1)(A-B). A responding party's failure to file a Statement of Disputed Facts is deemed an admission that no material facts are in dispute. D. Mont. L.R. 56.1(d).

Local rules have the force of law and are binding upon the parties and the Court. *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). Only in rare cases will the Ninth Circuit reverse a district court's application of local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.

---

[1] The Court grants the Defendants' motion to strike (Doc. 86) the Plaintiff's reply brief in support of his motion for summary judgment (Doc. 81) because it improperly includes new arguments and evidence not raised in his opening brief. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). The Court will not consider the arguments or evidence.

2

1995). When a local rule permits the district court to grant summary judgment due to noncompliance, the district court has broad discretion to determine whether noncompliance should be deemed consent to the motion. *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994).

Here, the local rule requires the Court to accept the Defendants' Statement of Undisputed Facts as well taken. Were the Court to do that and apply them to the law, the Defendants would be entitled to summary judgment on Brandt's claims. In the interest of justice, however, the Court will exercise its discretion and instead accept Brandt's nonconforming statement of disputed fact. Counsel for Brandt is hereby warned that next time the Court will strictly enforce the rule.

## II. Summary judgment standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## III. Discussion

The Defendants argue undisputed facts establish Old Dominion had good cause to terminate Brandt because he failed to enforce Old Dominion's No Weapons Policy. Old Dominion further argues the undisputed facts establish the failure to enforce the No Weapons Policy was not a pretext to terminate Brandt for utilizing Old Dominion's Open Door Policy. Brandt argues undisputed facts establish his termination was not for good cause and was pretextual, or in the alternative, that disputed facts preclude summary judgment.

Montana Code Annotated § 39-2-901, *et seq.*, sets forth the provisions of the "Wrongful Discharge from Employment Act." Under the Act, a discharge is wrongful if it is not for good cause or if the employer violated the express provisions of its own written personnel policy. Mont. Code Ann. § 39-2-904(1)(b-c). "Good cause" is defined as "reasonable job-related grounds for dismissal on a

failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason." Mont. Code Ann. § 39-2-903(5). A "legitimate business reason" is a reason that is not false, whimsical, arbitrary, or capricious, and one that must have some logical relationship to the needs of the business. *Reinlasoder v. City of Colstrip*, 376 P.3d 110, 113 (Mont. 2016). To prove a discharge was wrongful, the employee may show either that the given reason is not good cause, or that the given reason is a pretext and not the honest reason for the discharge. *Becker v. Rosebud Operating Services, Inc.*, 191 P.3d 435, 441 (Mont. 2008).

The Montana Supreme Court has stressed the importance of the "right of an employer to exercise discretion over who it will employ and keep in employment," and cautioned that "an employer's discretion is at its greatest when the discharged employee is in a management position." *Reinlasoder*, 376 P.3d at 146. However, "the balance between the employer's discretion and the employee's equally legitimate right to secure employment . . . should favor an employee who presents evidence, and not mere speculation or denial, upon which a jury could determine that the reasons given for his termination were false, arbitrary or capricious, and unrelated to the needs of the business." *Reinlasoder*, 376 P.3d at 113 (citing *Kestell v. Heritage Health Care Corp.*, 858 P.2d 3, 8 (1993)).

Here, disputed issues of fact preclude summary judgment on good cause. While it appears an undisputed fact that an employee told Old Dominion that Brandt failed to enforce the No Weapons Policy once a year ago, it is disputed whether Brandt actually did fail to enforce the No Weapons Policy a year prior. Old Dominion argues whether Brandt actually failed to enforce the No Weapons Policy does not preclude a finding of good cause because the termination was nonetheless based upon the verbal report of an employee, which Old Dominion in its discretion was entitled to rely upon. But even if that were true, disputed issues of fact prevent the Court from concluding the No Weapons Policy was not arbitrarily enforced. For instance, it is disputed whether Scott Goodrich, the Vice President for Old Dominion's Pacific Northwest Region, repeatedly violated the No Weapons Policy. If he did, a jury could conclude Old Dominion's decision to terminate Brandt for failing to enforce a policy his own boss repeatedly violated was false, arbitrary, or capricious. Summary judgment is therefore precluded.

There are also disputed issues of fact on the matter of pretext. Brandt argues the real reason he was terminated was because he went over a superior's head to report workplace misconduct pursuant to Old Dominion's Open Door Policy. Although Brandt does not possess any smoking gun evidence of pretext, he can show a temporal proximity between his termination and use of the Open Door Policy. Temporal proximity under the circumstances of the case can sometimes

give rise to a permissible inference of pretext. *Compare Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997) (4 months too long to infer causation) *and Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 511 (7th Cir. 1998) (5 months too long to infer causation) *with Bernhardt v. Interbank of N.Y.*, 18 F.Supp.2d 219 (E.D.N.Y. 2008) (11 months was sufficient to infer causation) *and US EEOC v. Placer ARC*, 114 F.Supp.3d 1048 (E.D. Cal. 2015) (8 months was sufficient to infer causation). To separate speculation from inference, courts should consider the temporal proximity and the specific facts and circumstances of each case to determine whether a jury could fairly infer causation. *Farrerell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3rd Cir. 2008).

Here, the express language of Old Dominion's Open Door Policy states, in part, "We have a positive, non-retaliation commitment for anyone who does come forward with a concern or idea." Brandt's termination was about three weeks after he allegedly used the Open Door Policy to go over his superior's head and report workplace misconduct which he had been told by his superior to drop. Considered with other issues of disputed fact, such as how seriously the No Weapons Policy was enforced, there is enough evidence for a jury to fairly infer the real reason Brandt was terminated was because he used the Open Door Policy. If true, it would be a wrongful discharge because it would violate the express language of Old Dominion's Open Door Policy. Summary judgment is therefore precluded.

7

## IV. Conclusion

The parties' motions for summary judgment (Docs. 39 and 48) are denied. The Defendants' motion to strike (Doc. 86) Brandt's reply brief in support of his motion for summary judgment is granted.

DATED this 26th day of February, 2020.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge